ORIGINAL

FILED
FEB 1 2007
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TPI CONSTRUCTION, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.<br>07- 80 C<br>COMPLAINT |

Plaintiff alleges:

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 41 U.S.C. Section 609 (a) (1).

2. Plaintiff TPI Construction, Inc. (hereinafter "TPI") is, and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of California.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the DEPARTMENT OF THE ARMY, LOS ANGELES DISTRICT, CORPS OF ENGINEERS (hereinafter the "ARMY"), which is, and at all times herein mentioned was, an agency of the United States.

4. TPI has timely and properly performed any and all obligations required to be performed under the CONTRACTS referenced herein, except as excused or delayed by the ARMY's failure to timely perform as more specifically set forth below.

FIRST CAUSE OF ACTION

(FENDER PILE CONTRACT)

5. On or about September 30, 2003 TPI entered into Contract DACA09-02-D-0028, Task Order 0007 with the ARMY by the terms of which TPI agreed to perform certain construction work known as Replace Fender Piles, Seal Beach Naval Weapons Station,

California (hereinafter the "FENDER PILE CONTRACT"). The entire FENDER PILE CONTRACT, including plans, specifications and related contract documents, ("FENDER PILE CONTRACT DOCUMENTS"), are voluminous and therefore not attached hereto, but are a matter of public record, and have and will be made available to all parties and are incorporated herein by this reference as though fully set forth at this point.

**6.** The FENDER PILE CONTRACT was a negotiated Small Business Administration 8A procurement bid by TPI pursuant to a Solicitation by the ARMY for bids. TPI submitted its bid, negotiated the price and was awarded the CONTRACT in the sum of $123,117.00. The NTP was received by TPI on or about April 20, 2004, thereby establishing the completion date as October 17, 2004.

7. The FENDER PILE CONTRACT DOCUMENTS called for the removal and disposal of 10 existing damaged fender piles and the replacement of the 10 removed piles with 16 concrete filed 16 inch fiberglass piles.

**8.** TPI has timely and properly performed any and all obligations required to be performed under the FENDER PILE CONTRACT, except as excused or delayed by ARMY's failure to timely perform as more specifically set forth below.

**9.** By letters dated March 9, 2006 (incorporating by reference TPI's letter of August 31, 2005), TPI forwarded a certified claim(s) for the estimated increased direct costs, indirect cost and delays associated with the failure of the ARMY to obtain the required permits and requested a Final Decision of the Contracting Officer in the in the approximate sum of Fifteen Thousand Seven Hundred Seventy Seven Thousand ($15,777.00). The claim(s) was certified although required by the Contract Disputes Act. By letter dated November 21, 2006 the Contracting Officer issued a Final Decision denying TPI's claim(s). Therefore, in accordance with the Contract Disputes Act, TPI appeals the decision of the Contracting Officer that denying TPI's claim(s).

10. As a direct and proximate result of the foregoing, TPI has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and home and field office overhead

in the approximate sum of Fifteen Thousand Seven Hundred Seventy Seven Thousand ($15,777.00).

11. TPI has and will continue to suffer further, other and additional damages, the precise sum of which is not presently known. TPI will amend its Complaint when the same are ascertained or upon proof thereof at trial. In addition to the foregoing, TPI is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing sum became due.

SECOND CAUSE OF ACTION

(CATHODIC PROTECTION CONTRACT)

12. On or about September 21, 2004 TPI entered into Contract DACA09-02-D-0028, Task Order 0008 with the ARMY by the terms of which TPI agreed to perform certain construction work known as Cathodic Protection System Repair and Replacement, Seal Beach Naval Weapons Station, Seal Beach, California (hereinafter the "CATHODIC PROTECTION CONTRACT"). The entire CATHODIC PROTECTION CONTRACT, including plans, specifications and related contract documents, ("CATHODIC PROTECTION CONTRACT DOCUMENTS"), are voluminous and therefore not attached hereto, but are a matter of public record, and have and will be made available to all parties and are incorporated herein by this reference as though fully set forth at this point.

**13.** The CATHODIC PROTECTION CONTRACT was a negotiated Small Business Administration 8A procurement bid by TPI pursuant to a Solicitation by the ARMY for bids. TPI submitted its bid, negotiated the price and was awarded the CONTRACT in the sum of $157,484.82. The NTP was received by TPI on or about October 18, 2004, thereby establishing the completion date as March 17, 2005.

14. The CATHODIC PROTECTION CONTRACT DOCUMENTS called for the removal and replacement of the existing Cathodic Protection System for the gas line and water tank in the RTE area of Naval Weapons Station, Seal Beach, California. Also included was the replacement of an existing countertop for the kitchen in the BEQ, Building 34.

**15.** TPI has timely and properly performed any and all obligations required to be performed under the CONTRACT, except as excused or delayed by ARMY's failure to timely perform as more specifically set forth below.

**16.** By letters dated August 31, 2005 and March 9, 2006, TPI forwarded a certified claim(s) for the estimated increased direct costs, indirect cost and delays associated with uncompensated costs to locate and eliminate unmarked underground bonds between utility systems and requested a Final Decision of the Contracting Officer in the in the approximate sum of Nineteen Thousand Eight Hundred Thirty Seven Thousand ($19,837.00). The claim(s) was certified although required by the Contract Disputes Act. By letter dated December 13, 2006 the Contracting Officer issued a Final Decision denying TPI's claim(s). Therefore, in accordance with the Contract Disputes Act, TPI appeals the decision of the Contracting Officer that denying TPI's claim(s).

17. As a direct and proximate result of the foregoing, TPI has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and home and field office overhead in the approximate sum of Nineteen Thousand Eight Hundred Thirty Seven Thousand ($19,837.00).

18. TPI has and will continue to suffer further, other and additional damages, the precise sum of which is not presently known. TPI will amend its Complaint when the same are ascertained or upon proof thereof at trial. In addition to the foregoing, TPI is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing sum became due.

<u>THIRD CAUSE OF ACTION</u>

<u>(MAINTENANCE SHOPS CONTRACT)</u>

19. On or about August 14, 2003 TPI entered into Contract DACA09-02-D-0028, Task Order 0006 with the ARMY by the terms of which TPI agreed to perform certain construction work known as C-17 Alter Maintenance Shops, March Air Reserve Base (hereinafter the "MAINTENANCE SHOPS CONTRACT"). The entire MAINTENANCE

SHOPS CONTRACT, including plans, specifications and related contract documents, ("MAINTENANCE SHOPS CONTRACT DOCUMENTS"), are voluminous and therefore not attached hereto, but are a matter of public record, and have and will be made available to all parties and are incorporated herein by this reference as though fully set forth at this point.

**20.** The MAINTENANCE CONTRACT was a negotiated Small Business Administration 8A procurement bid by TPI pursuant to a Solicitation by the ARMY for bids. TPI submitted its bid, negotiated the price and was awarded the CONTRACT in the sum of $1, 531,613.00. The NTP was received by TPI on or about December 17, 2003, thereby establishing the completion date as December 16, 2004.

21. The MAINTENANCE SHOPS CONTRACT DOCUMENTS called for TPI to provide all labor, materials and equipment to Building 355 Survival Equipment by, inter alia, constructing new air conditioning, interior renovations and painting, to Building 1221 AMXS Storage by repairing building column bracing and to Building 2327 Hydraulics by installing, inter alia, new 500 KVA transformer with KWH meter and hook up to GFI hydraulic test stand.

**22.** TPI has timely and properly performed any and all obligations required to be performed under the CONTRACT, except as excused or delayed by ARMY's failure to timely perform as more specifically set forth below.

**23.** By letters dated March 9, 2006 (incorporating by reference TPI letter dated January 31, 2006), TPI forwarded a certified claim(s) for the estimated increased direct costs, indirect cost, impact and delays associated with uncompensated costs to various miscellaneous issues and requested a Final Decision of the Contracting Officer in the in the approximate sum of Three Hundred Sixty Five Thousand Six Hundred Twenty Eight Dollars and six cents. ( $365,628.02). The claim(s) was certified as required by the Contract Disputes Act. By letter dated November 16, 2006 the Contracting Officer issued a Final Decision denying TPI's claim(s). Therefore, in accordance with the Contract Disputes Act, TPI appeals the decision of the Contracting Officer that denying TPI's claim(s).

24. As a direct and proximate result of the foregoing, TPI has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and home and field office overhead in the approximate sum of Three Hundred Sixty Five Thousand Six Hundred Twenty Eight Dollars and six cents. ($365,628.02).

25. TPI has and will continue to suffer further, other and additional damages, the precise sum of which is not presently known. TPI will amend its Complaint when the same are ascertained or upon proof thereof at trial. In addition to the foregoing, TPI is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing sum became due.

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

<u>ON THE FIRST CAUSE OF ACTION</u>

1. For damages in the amount of Fifteen Thousand Seven Hundred Seventy Seven Thousand ($15,777.00) together with interest thereon from a date according to proof under the Contract Disputes Act;

2. For reasonable attorneys' fees incurred herein in accordance with EAJA;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

<u>ON THE SECOND CAUSE OF ACTION</u>

1. For damages in the amount of Nineteen Thousand Eight Hundred Thirty Seven Thousand ($19,837.00) together with interest thereon from a date according to proof under the Contract Disputes Act;

2. For reasonable attorneys' fees incurred herein in accordance with EAJA;

5. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

//

//

//

ON THE THIRD CAUSE OF ACTION

1. For damages in the amount of Three Hundred Sixty Five Thousand Six Hundred Twenty Eight Dollars and six cents. ($ 365,628.02) together with interest thereon from a date according to proof under the Contract Disputes Act;

2. For reasonable attorneys' fees incurred herein in accordance with EAJA;

6. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: January 30, 2007

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Ste 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for TPI Construction, Inc.