IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TPI CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-80C |
| | ) | (Judge Coster Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S ANSWER**

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits that the defendant is the United States; otherwise denies the remaining allegations which are conclusions of law to which no response is required.

4. Denies.

**FIRST CAUSE OF ACTION**

**FENDER PILE CONTRACT**

5. Admits the allegations contained in paragraph 5 to the extent they are supported by Contract DACA09-02-D-0028, Task Order 0007 ("Fender Pile Contract"), which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent they are supported by the Fender Pile Contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent they are supported by the Fender Pile Contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Denies.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent they are supported by the three letters and the contracting officer's decision that are referred therein, otherwise denies the allegations contained in the first sentence of paragraph 9. The allegations contained in the second and third sentences of paragraph 9 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

10. Denies.

11. Denies.

**SECOND CAUSE OF ACTION**

**CATHODIC PROTECTION CONTRACT**

12. Admits the allegations contained in paragraph 12 to the extent they are supported by Contract DACA09-02-D-0028, Task Order 0008 ("Cathodic Protection Contract"), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent they are supported by Contract DACA09-02-D-0028, Task Order 0008 ("Cathodic Protection Contract"), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent they are supported

by the contract, which is the best evidence of its contents; otherwise, denies these allegations.

15. Denies.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent they are supported by the two letters and the contracting officer's decision that are referred therein, otherwise denies the allegations contained in he first sentence of paragraph 16. The allegations contained in the second, third, and fourth sentences of paragraph 16 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

17. Denies.

18. Denies.

**THIRD CAUSE OF ACTION**

**MAINTENANCE SHOPS CONTRACT**

19. Admits the allegations contained in paragraph 19 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent they are supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 21.

22. Denies.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent they are supported by the two letters and the Contracting Officer's decision that are referred therein, otherwise denies the allegations contained in the first sentence of paragraph 16. The allegations contained in the second, third, and fourth sentences of paragraph 23 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

24. Denies.

25. Denies.

**PLAINTIFF'S PRAYER FOR RELIEF ON FIRST CAUSE OF ACTION**

26. Denies that plaintiff is entitled to the relief requested in the first paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On First Cause of Action" or to any relief whatsoever.

27. Denies that plaintiff is entitled to the relief requested in the second paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On First Cause of Action" or to any relief whatsoever.

28. Denies that plaintiff is entitled to the relief requested in the third paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On First Cause of Action" or to any relief whatsoever.

29. Denies that plaintiff is entitled to the relief requested in the fourth paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On First Cause of Action" or to any relief whatsoever.

**PLAINTIFF'S PRAYER FOR RELIEF ON THE SECOND CAUSE OF ACTION**

30. Denies that plaintiff is entitled to the relief requested in the first paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On Second Cause of Action" or to any relief whatsoever.

31. Denies that plaintiff is entitled to the relief requested in the second paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On Second Cause of Action" or to any relief whatsoever.

32. Denies that plaintiff is entitled to the relief requested in the third paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On Second Cause of Action" or to any relief whatsoever.

33. Denies that plaintiff is entitled to the relief requested in the fourth paragraph under the plaintiff's heading "Plaintiff Prays for Relief As Follows: On Second Cause of Action" or to any relief whatsoever.

**PLAINTIFF'S PRAYER FOR RELIEF ON THE THIRD CAUSE OF ACTION**

34. Denies that plaintiff is entitled to the relief requested in the first paragraph under the plaintiff's heading "On The Third Cause of Action" or to any relief whatsoever.

35. Denies that plaintiff is entitled to the relief requested in the second paragraph under the plaintiff's heading "On The Third Cause of Action" or to any relief whatsoever.

36. Denies that plaintiff is entitled to the relief requested in the third paragraph under the plaintiff's heading "On The Third Cause of Action" or to any relief whatsoever.

37. Denies that plaintiff is entitled to the relief requested in the fourth paragraph under the plaintiff's heading "On The Third Cause of Action" or to any relief whatsoever.

38. Denies each and every allegation not preciously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSES**

39. The claims alleged in each count of the complaint are barred by the doctrine of release.

40. The claims alleged in each count of the complaint are barred by the doctrine of accord and satisfaction.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

STEVEN J. GILLINGHAM
Assistant Director

/s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.,
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624
Attorneys for Defendant

April 2, 2007

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of April, 2007, a copy of the foregoing "Defendant's Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey